*231 OPINION.
Arundell :
At the hearing the respondent’s counsel conceded error in disallowing as a bad debt deduction the sum of $5,000 representing a loan made by the petitioner to E. P. Hawkins.
We think the evidence here fully sustains the petitioner’s claim under the other item. The financial condition of the Astoria Improvement Co. was not good in May, 1925, when the construction contract was entered into, and did not improve during the remainder of the year. The land on which the building was being constructed was so encumbered that it afforded no security for petitioner, and in the hope of leaving the Astoria Improvement Co. free to raise money to proceed further, petitioner, together with others having claims against that company, refrained from filing a lien on the propferty. By the close of 1925 the Astoria Improvement Co. had no cash assets or other property out of which judgment for any part of the account could have been satisfied. Under such circumstances a suit on the debt would have been a useless course of procedure to take.
While our conclusion is that the debt was ascertained to be worthless in 1925 and should be allowed as a deduction in that year, it is interesting to observe that no cash has ever been realized on the notes given in 1926. The maker of the notes was a Chinese woman, execu *232 trix of the estate of Seicl Back, who acted without legal authority in giving the notes. E. P. Hawkins was without assets, and the other endorser, D. F. Seicl, a Chinaman, had no property other than an interest in the-Seid Back estate. On the sale of his interest in March, 1930, to satisfy the judgment petitioner had obtained against endorsers in 1929, there were no bidders other than petitioner, and the property purchased had little, if any, cash value.

Decision will be entered for the petitioner.